[606 NYS2d 608]

In the Matter of BRUCE PROVDA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 4, 1994

**APPEARANCES OF COUNSEL**

*Robert W. Gottlieb* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Bruce Provda,* respondent *pro se.*

Per Curiam.

Respondent was admitted to practice at the Second Judicial Department in 1974, and has maintained an office for such practice within the First Judicial Department at all relevant times since then. During 1980 to 1981, respondent was employed as an associate of the late Gordon J. Lang, Esq. Under Lang's direction, the two attorneys acted as legal counsel for Home Ministries of America (HMA), and its principals, Robert Risman and Edward Van Miert.

HMA was ostensibly established "primarily for religious, charitable, literary and educational purposes exclusively", according to its 1980 certificate of incorporation under the Religious Corporations Law. In fact, HMA was nothing more than a scheme to sell fraudulent tax shelters designed purportedly to meet the requirements of Internal Revenue Code (26 USC) § 501 (for tax-exempt organizations) and § 170 (for organizations to whom charitable contributions could be tax-deductible). The scheme called for the sale of memberships in HMA for approximately $3,000, in return for which members would receive instructions on such matters as how to establish a home ministry (with the home minister, spouse, and an unrelated individual who would later back out of the picture, as the founding members), how to donate up to 50% of annual personal income to the home ministry by depositing it into a specially designated bank account whose funds could be used for personal expenses, and how to deduct taxable income so deposited as a charitable contribution on a Federal income tax return. In this manner, over 500 new members were recruited during 1980 to 1981, resulting in more than $2,000,000 in membership fees to HMA. Respondent was aware that a portion of the membership fees went to Lang's law firm. Lang received over $70,000 from HMA, but respondent testified that he was not a part of that financial arrangement, his only remuneration being his salary as an associate of Lang's firm.

Members were entitled to consult with respondent and Lang for legal advice on HMA-related matters. Such counsel was frequently given, and respondent and Lang even represented certain members in proceedings before the Internal Revenue Service. Respondent and Lang also acted as legal counsel to Risman and Van Miert on solicitation of membership and the proposed expansion of HMA marketing to such areas as Staten Island, Long Island and California. Respondent was

also aware, through his dealings with the Internal Revenue Service, that HMA was operating on the fringe of the Internal Revenue Code, and yet he misrepresented to members on several occasions that tax-exempt status was not a problem.

Members of HMA were encouraged to solicit additional members, and a portion of the membership fees so solicited would go to the solicitor, as would a portion of the membership fees of any subsequent-generation solicitees. Such a pyramid scheme violates the prohibition against chain distributorships (General Business Law § 359-fff).

In 1987, Risman, Van Miert and HMA's accountant were prosecuted in United States District Court in New Jersey, and were convicted of various tax law violations in connection with HMA. No charges were brought against respondent or Lang.

Respondent was served with charges in this disciplinary proceeding in September 1991, alleging conduct involving dishonesty, fraud, deceit or misrepresentation (Code of Professional Responsibility DR 1-102 [A] [4]), conduct adversely reflecting on his fitness to practice law (now DR 1-102 [A] [7]), and the offer of counsel or assistance to a client in conduct the attorney knows to be illegal or fraudulent (DR 7-102 [A] [7]). By this time, Lang was deceased, and respondent appeared in his own behalf. The Hearing Panel recommended a public censure, and petitioner urges adoption of that recommendation.

Respondent asks us to limit any sanction to a public censure, emphasizing his cooperation with petitioner's investigation; the delay of so many years before the onset of these proceedings, depriving him of the testimony of Lang, a possibly exculpatory witness; the fact that respondent did not profit financially from his actions; that this was an isolated incident in an otherwise unblemished career before the Bar; the lack of any purposeful commission of fraud on his part; the fact that he supposedly relied upon the advice of a former IRS agent at the outset; and his current posture of extreme remorse.

Respondent's actions in filing a false certificate of incorporation under the Religious Corporations Law, making false written and oral statements in order to induce individuals to join HMA, and misleading both members and clients as to the legitimacy of HMA as a tax-exempt organization constituted fraudulent misconduct which warrants strict disciplinary sanction in the form of suspension from practice, notwith-

standing the circumstances offered in mitigation *(Matter of Radow,* 190 AD2d 1, *appeal dismissed* 82 NY2d 742; *Matter of Nash,* 166 AD2d 84). Accordingly, the charges against respondent should be sustained, but the petition should be denied insofar as it seeks merely a public censure. Respondent should be suspended from the practice of law for a period of one year, and until reinstatement by petition in accordance with the procedures set forth in section 603.14 of the rules of this Court (22 NYCRR).

ROSENBERGER, J. P., WALLACH, KUPFERMAN, ASCH and NAR-DELLI, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective as of February 4, 1994, and until the further order of this Court.